THE KING *ex rel* G. W. MACFARLANE *vs.* W. L. GREEN,
Minister of Finance.

MANDAMUS. BEFORE PRESTON, J.

JUNE, 1889.

Salaries in the Appropriation Bill are payable monthly.

A petition for Mandamus alleged that His Majesty appointed petitioner as Chamberlain: the return of respondent denied that petitioner had been legally appointed: held, not a sufficient denial of the allegation; if respondent intended to question the validity of the appointment, he should have alleged the grounds on which he relied.

The office of Chamberlain is personal to His Majesty; there is no legal necessity for the appointment to be by commission or in writing, and it does not require the approval of the Cabinet.

But the Chamberlain having been absent from the Kingdom during the period for which he claims salary, he was not in a position to perform the duties of his office, and was therefore not entitled to the salary appropriated by the Legislature: and the Court declines to issue a writ of mandamus to compel the Minister of Finance to pay the salary.

DECISION OF PRESTON, J.

This is a petition for a writ of mandamus.

The petitioner alleges that the respondent, William L. Green, is the duly appointed and acting Minister of Finance, of the Hawaiian Kingdom, and as such has charge and control of the Treasury and the funds of this Kingdom.

That on the first of October, 1888, His Majesty Kalakaua, of the Hawaiian Islands King, appointed petitioner as one of his officers of his household, to wit, as his Chamberlain, and that from and after that date petitioner has been and now is such Chamberlain, and acting as such.

That the Legislature of the Kingdom has, during its session in the year 1888, to wit, on the 11th. day of September, A.D. 1888, appropriated the sum of six thousand dollars as a salary for such Chamberlain during the two years beginning April 1st,

1888, and ending March 31st, 1890—that is to say, the monthly salary of two hundred and fifty dollars—as compensation for the services rendered by such Chamberlain, and that petitioner is informed and believes, and upon such information and belief avers, that for the purpose of paying said salary there are now and at all times have been sufficient moneys and funds in the possession and under the control of the respondent, being part of the particular fund so appropriated by the Legislature.

That on March 12, 1889, petitioner drew his salary draft for the months of October, November and December, 1888, and January and February, 1889, and caused the same to be presented for payment, and payment thereof to be demanded from respondent at the Treasury of the Hawaiian Kingdom, and received in response thereto a letter from the said respondent, W. L. Green, of date March 13, 1889, a copy of which is annexed to the petition, informing petitioner that his said appointment to the office of Chamberlain had never been approved or recognized by the Government, and declining to pay the said draft; and that the said respondent unjustly refused and still refuses to pay the same or any part thereof.

Wherefore petitioner prays that the Court issue its writ of mandate commanding the said respondent to pay to petitioner the said salary, or to show cause, if any he have to the contrary, before the Court at a day and place to be fixed.

Following is a copy of the letter referred to:

"Finance Department, Honolulu, H. I., March 13, 1889.

"G. W. Macfarlane, Esq. Sir: I have to acknowledge the receipt of yours of yesterday's date, informing me that Mr. James W. Robertson, as Vice Acting Chamberlain by appointment of His Majesty the King, has performed the duties of Chamberlain from October 1st, 1888 (the date of your appointment), to March 1st, 1889, after which you have performed the duties. You ask, therefore, that the salary appropriated for the service be paid to Mr. Robertson, and you have drawn a draft on this department for your salary, $1250, and endorsed it over to him. I have now to inform you, as I did verbally soon after

your arrival, that your appointment to the office of Chamberlain has never been approved or recognized by the Government. I cannot, therefore, pay your draft on this department for your salary whether it be endorsed over to Mr. Robertson or anybody else. I return the draft enclosed herewith.

"I remain your most obedient servant,

"W. L. GREEN, Minister of Finance."

An alternative writ was issued by me on the 6th day of May last, to which the following return was made:

"The return of William L. Green, respondent, to the alternative writ of mandamus issued in the above entitled case on the sixth day of May, 1889, and to this respondent directed.

"And the said respondent admits unto the Court here that he has not paid to the said George W. Macfarlane the sum of money, nor any part thereof, in said writ alleged to be due to said George W. Macfarlane as salary in, of and concerning the office of His Majesty's Chamberlain, and for cause of such nonpayment this respondent respectfully represents as follows, to wit:

"1st. That respondent is the legal custodian of the funds of the Hawaiian Government.

"2d. That the Legislature of the Kingdom in and by an Appropriation Bill and Act, passed September 11th, 1888, did appropriate the sum of six thousand dollars for the payment of a salary for a Chamberlain to His Majesty during the present fiscal period, to wit, from April 1, 1888, to March 31, 1890, inclusive; but respondent denies that there is any obligation upon his part to pay such salary monthly, or at any stated periods of less than said biennial fiscal period.

"3d. Respondent denies that said George W. Macfarlane has been legally appointed to or commissioned as the Chamberlain of His Majesty, or that said Macfarlane was such Chamberlain during the months of October, November and December, 1888, and January and February, 1889, or at all, or that he is now such Chamberlain; and respondent denies that said Macfarlane has during said months, or at all, performed the duties of such Chamberlain to His Majesty.

"4th. Wherefore said respondent respectfully submits to the Court here that the foregoing constitutes sufficient cause for his not having paid to the said George W. Macfarlane the salary of and pertaining to the said office of His Majesty's Chamberlain, and prays that said writ, so issued and directed to this respondent herein as aforesaid, be dismissed."

The case was submitted without oral argument, upon briefs filed, and it is for me to consider whether the return shows sufficient cause against obeying the writ.

It is to be regretted that the return does not more fully state the facts upon which the respondent relies in support of his contention that the relator has not been legally appointed Chamberlain.

It appears to me that the first ground alleged by the respondent, that there is no obligation to pay this salary monthly, or at any stated periods of less than the biennial fiscal period, is untenable. The practice of the Government has been to pay salaries monthly, and with a few exceptions where the salaries are small, such as clerks of Circuit Courts and some few others, where for convenience the parties have drawn their drafts quarterly, all salaries and allowances have been so paid; and I must assume that the Legislature was aware of this practice in passing the Appropriation Bill, and did not consider it necessary to insert any special direction; and it seems to me to be absurd to suppose that the Legislature should intend that persons to whom salaries are appropriated should perform their duties for two years without any payment, and in the event of their death or resignation during such period be deprived of all remuneration for the period during which they performed their duties, which would be the result should I hold that the appropriation is only payable at the end of the fiscal period, to a person who has performed his duties for the whole of such period.

I now come to the grounds relied upon in the third paragraph of the return, the first being a denial that the relator has been legally appointed to or commissioned as the Chamberlain of His Majesty. This denial is not, in my opinion, in itself a sufficient

answer to the allegation in the petition, that on the first day of October, 1888, His Majesty appointed the relator as one of his officers of his household, to wit, as his Chamberlain. The return does not deny the appointment by His Majesty, and according to all rules of pleading applicable in these cases it must be taken that the allegation in the petition is admitted. If the respondent intended to raise a question as to the validity of such appointment, he should have alleged the grounds upon which he relied.

The Attorney-General, in his brief, submits that if the Court should feel called upon to decide upon the validity of the appointment made by His Majesty without the approval of a Minister, and against the protest of the Cabinet as a whole, then he also submits that no such power is vested in the King.

It does not appear by the return, or in any manner, that the appointment was made without the approval of a Minister and against the protest of the Cabinet as a whole; and it does not seem to me that it is within my province to consider any such question, except so far as the point may be gathered from the proceedings.

It appears from the letter of the respondent to the relator, referred to in the petition, that the only ground then taken for the refusal to pay the salary was, "that your appointment to the office of Chamberlain has never been approved or recognized by the Government." Now, from the fact of the writ being allowed, the respondent should have known that the Court was at all events *prima facie* of opinion that such excuse was insufficient.

However, in order that my views may be known to the parties, I will deal with the case, though reluctantly, as if the reason stated in the letter had been expressly restated in the return.

It will be necessary, in the first place, to consider what is the status of the Chamberlain. It is not a statutory office, the duties appertaining to which are defined by law. The statutes creating the office and defining the duties were repealed by the Civil Code in 1859, and until the session of the Legislature of 1864-5 no provision was made for the payment of such an

officer, when an appropriation of $5000 was made for the "salary of His Majesty's Chamberlain and Secretary," and the appropriation for "Chamberlain and Secretary" continued until 1888, when it appears as "Chamberlain" only.

The duties of the Chamberlain have been personal to His Majesty, and it is now for the first time, so far as I am aware, and I have had many opportunities from my connection with former Governments of knowing, that the right of the Government to approve of the appointment has ever been asserted, and it is not suggested by the respondent that it has been.

The Attorney-General, in his brief, refers to the practice in Great Britain, where such an official would retire with the Ministry, and refers especially to the question which arose early in Her present Majesty's reign as to the appointment of the Bedchamber women, and claims that by analogy the same rule should apply here.

I do not think there is such analogy; the rules regulating the holding of offices in Great Britain and the responsibility of Ministers have been the growth of centuries, and are not and cannot be applicable here according to our Constitution. In fact, if the practice obtaining in Great Britain were applicable and in force here, the Court would not have to consider this case, because if His Majesty would not act upon the advice of his responsible advisers in matters in which they consider themselves responsible, they would have to give way or resign.

I am of opinion that the office of Chamberlain is personal to His Majesty, and that there is no legal necessity for the appointment to be by commission or in writing, and that it does not require the approval of the Ministers.

Should a person be appointed to the office whom the Ministers consider objectionable, they can exercise some control in the Legislature by declining to ask for a vote for the salary.

I therefore hold that this portion of the cause shown is insufficient.

I come now to the remaining ground alleged in paragraph 3, wherein "the respondent denies that said Macfarlane has

during said months, or at all, performed the duties of such Chamberlain to His Majesty."

This allegation is not traversed, replied to, or excused by the relator, and I must therefore take it to be admitted, especially as the statement appears in the respondent's letter to the relator, that the respondent was informed by the relator "that Mr. James W. Robertson, as Vice Acting-Chamberlain by appointment of His Majesty, has performed the duties of Chamberlain from October 1st, 1888, to March 1st, 1889."

I regret that the letter referred to was not set out in the petition or return; but, on the pleadings, I must take it to be admitted that the relator did not and was not in a position to perform the duties of his office, and that therefore he was not entitled to the salary appropriated.

Upon this point I think the cause shown is sufficient and must be allowed, and the peremptory writ refused.

*C. W. Ashford* (Attorney-General), for respondent.

*P. Neumann* and *C. L. Carter*, for relator.

Honolulu, June 12, 1889.